# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

TAMI PRAYOR,

                Plaintiff,

v.

FULTON COUNTY, et al.,

                Defendants.

1:08-cv-3772-WSD

## OPINION AND ORDER

The matter is before the Court on cross-defendant Fulton County's motion to dismiss [9] the cross claim of Captain Jerome Hull ("Hull").

Plaintiff Tami Prayor ("Plaintiff") is an employee with the Fulton County Sheriff's Office. On November 7, 2008, Plaintiff filed this action in the State Court of Fulton County against Fulton County, Fulton County Sheriff Myron E. Freeman, Hull, and two John Does. Compl. [1]. On December 12, 2008, Fulton County removed the action to this Court pursuant to federal question jurisdiction. 28 U.S.C. § 1331.

Plaintiff alleges that while she was working for Fulton County on January 19, 2007, on a call to pick up inmates from Grady Hospital, she was sexually assaulted by Hull. Plaintiff alleges she was leaning over a van seat to retrieve

prisoner restraints when Hull came up to her from behind, pressed himself against her buttocks, and told her he had "been wanting to see [her] in this position for a long time." Compl. ¶¶ 16-19. Plaintiff allegedly loudly told Hull to stop pressing himself against her, but Hull continued to shove Plaintiff with his genital area back into the van. Id. at ¶¶ 20-23. Plaintiff eventually yelled for Hull to stop, and he released her and walked away from the van. Id. at ¶ 26.

On January 23, 2007, Plaintiff filed her complaint against Hull with the Fulton County equal employment opportunity office. Id. ¶ 28. Plaintiff alleges she was transferred and given less desirable positions and tasks after asserting her complaint against Hull. Id. ¶ 29. She also alleges Fulton County and Sheriff Freeman have a history of "turning a blind eye" to sexual harassment and assaults against women in the Fulton County Sheriff's Office. Id. ¶ 34.

Plaintiff asserts nine (9) claims against all Defendants: gender discrimination pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, intentional infliction of emotional distress, negligent infliction of emotional distress, attorney's fees, punitive damages, breach of contract, deprivation of due process rights, negligence, and stubborn litigiousness. Plaintiff asserts claims for assault, battery, and false imprisonment against Hull and asserts Fulton County, Sheriff Freeman, and the John Does ratified Hull's actions constituting battery and

false imprisonment.  Plaintiff asserts claims for negligent hiring and retention against Fulton County and Sheriff Freeman, and claims for ratification and negligent training and supervision against Fulton County, Sheriff Freeman, and the John Does.[1]  See Compl.

On January 2, 2009, Hull filed his Answer to the Complaint [5].  He also asserted a crossclaim against Fulton County for Fulton County's failure to provide a defense to him.  Fed. R. Civ. P. 13(g).  Hull is represented in this action by an attorney whom he hired and whom he is paying.  Hull alleges Fulton County is obligated to defend its employees in legal proceedings, pursuant to Fulton County Code § 102-81.

On January 22, 2009, Fulton County moved to dismiss Hull's crossclaim [9].  See Fed. R. Civ. P. 12(b)(6).  Fulton County argues that Georgia and Fulton County law do not obligate it to provide a defense to Hull in these circumstances.

---

[1]  The claims alleged against two John Does must be dismissed.  "[F]ictitious party practice is not permitted in federal court."  New v. Sports & Rec., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); see also Lewis v. City of Montgomery, No. 2:04-CV-858-WKW, 2006 WL 1761673, at *2 (M.D. Ala. June 27, 2006) ("In general, 'fictitious-party pleading is not permitted in federal court.'").  While courts have sometime allowed a plaintiff to assert claims against unknown defendants, that practice is allowed only when the plaintiff may be able to precisely describe an individual without being able to state his or her name.  See Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992).  Plaintiff has not provided any description of the John Doe defendants in this case, and they are required to be dismissed.

Dismissal of a claim pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). The court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and considers the allegations in the complaint in the light most favorable to the plaintiff. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007). Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).

Georgia law provides that counties and other public bodies may, in their discretion, adopt policies to defend and indemnify employees from legal actions taken against them arising out of the performance of their official duties. The applicable statute section provides:

> In lieu of obtaining the insurance or indemnity referred to in Code Section 45-9-20 or in addition thereto, such municipalities, counties, and other public bodies may, in their discretion, as a part of the compensation and terms of employment of members of the governing bodies of such municipalities, counties, and other public bodies, and of supervisors, administrators, employees, or other elected or appointed officers, adopt policies whereby the municipality, county, and other public body will undertake to defend all or specified civil, criminal, or quasi-criminal actions brought or maintained against members of the municipality, county, or other public body, or against supervisors, administrators, employees, or other elected or appointed municipal or county officers, arising out of the performance of their duties or in any way connected therewith, whether based upon negligence, violation of contract rights, or violation of civil, constitutional, common law, or statutory rights.

O.C.G.A. § 45-9-21(a).

Fulton County has adopted just such a policy. Fulton County Code of Law Section 102-81 provides for the defense of officers and employees and payment of claims and judgments. It states, in pertinent part:

> (b) *Defenses of employees.* Whenever any claim is made or proceeding is brought against an employee, either against him asserting personal liability for damages or expenses arising out of the performance of his duties or in any way connected therewith, whether based on negligence, violation of contract rights, or violation of civil, constitutional, common law, or other statutory rights and including, professional disciplinary proceedings, whether federal, state, or local, Fulton County shall, upon timely written request, provide

5

> for his defense unless otherwise limited by the terms of this division.
>
> (c) *Grounds for refusal of defense.*
> (1) The county shall refuse to provide for the defense of a claim or proceeding brought against an employee if it determines that:
>
> a. The act or omission did not arise out of and in the course of his employment;
>
> . . . .
>
> c. Provision of a defense against the claim or proceeding would not be in the best interests of Fulton County;
>
> . . . .
>
> g. The act or omission giving rise to the claims was in direct disobedience of an order or instructions of a superior or in contravention of established county policy.

There is no dispute that Hull made a timely written request to Fulton County requesting a defense against Plaintiff's allegations. Fulton County has refused to provide a defense to Hull, asserting that it is not in its best interest to defend Hull in this action. Fulton County also argues that even if it were obligated to defend Hull, the crossclaim should be dismissed because Fulton County is immune from such a claim through sovereign immunity. Hull also seeks reimbursement from the County of the legal fees and expenses he already has incurred.

In <u>Baker v. Gwinnett County</u>, 600 S.E.2d 819 (Ga. Ct. App. 2004), the Georgia Court of Appeals evaluated a county's obligation to provide a defense for its employees pursuant to O.C.G.A. 45-9-21(a) and a Gwinnett County defense and

indemnification plan similar to the one Fulton County implemented. The plaintiff in Baker had been sued in late 1996 for, among other claims, sexual harassment. Id. at 820. A provision of Gwinnett County's defense and indemnification plan required the employee to fully cooperate with the County Attorney in order to receive a defense from the county. Id. at 821. The plaintiff failed to inform the County Attorney of information material to the litigation, and Gwinnett County terminated the plaintiff's representation under the defense and indemnification plan. Id. The plaintiff filed suit against Gwinnett County seeking the amount of attorney's fees he expended in defending against the sexual harassment suit.

The trial court entered summary judgment in Gwinnett County's favor, finding that the county did not abuse its discretion in choosing to terminate its indemnification of the plaintiff. The Georgia Court of Appeals affirmed. It explained:

> Under OCGA § 45-9-21(a), the legislature has given counties, "in their discretion," the authority to provide legal defense and indemnification to employees. The phrase "in their discretion" used in the statute "indicates a legislative intent to give the county considerable latitude in determining what actions will be defended." Haywood v. Hughes, 235 S.E.2d 2, 3 (Ga. 1977). And when the legislature "has conferred on other governmental entities the right and duty to make certain decisions, [the Georgia Supreme Court] has consistently ruled that the courts of this state must not interfere with such decisions as made unless a governmental unit in

> question clearly abused its discretion. [Cits.]" Richmond
> County Hosp. Auth. v. Richmond County, 336 S.E.2d
> 562, 565-66 (Ga. 1985).

Id. at 822.

The Georgia Court of Appeals held that Gwinnett County did not abuse its discretion in denying the plaintiff a defense because the County had a "reasoned, articulated" basis for its decision to terminate the plaintiff's coverage under the plan. Id. at 823.

Fulton County makes the same argument here. The Georgia Code does not obligate counties to provide their employees with legal defenses. To the extent a county wishes to give its employees defense and indemnification benefits, the Georgia Court of Appeals has allowed counties "considerable latitude" in choosing what actions to defend. Fulton County's expression of its defense and indemnification plan contains several exceptions to the requirement that Fulton County "shall" provide a defense to its employees. There is no requirement, unlike Hull argues, that Fulton County defend all employees. A defense is mandatory only if the employee does not fall within one of the several broad exceptions outlined in the Code. Fulton County advised the Court that its Board of Commissioners determined not to defend Hull because defending him would not be in the "best interests" of Fulton County. The County argues the Board's

decision cannot be upset by this Court unless the Board clearly abused its discretion.

The Court agrees. By defending Hull from the claims made against him, Fulton County would, in a sense, be tacitly supporting employees who engage in what is perhaps criminal sexual conduct. The County's decision not to defend Hull sends the alternate message – that such behavior is not encouraged or tolerated by the Sheriff's Office. This is a choice Fulton County is entitled to make. Fulton County's defense and indemnification plan explicitly permits the Board of Commissioners to condition the providing of a defense on whether doing so will be in the County's best interests. Providing for Hull's defense tends to suggest that the County defends the conduct in which Hull is alleged to have engaged. The County was entitled to discredit this suggestion by choosing not to defend Hull. In doing so, the Board did not abuse its discretion.

Although not raised by the County, the Court also notes Fulton County arguable could have refused to provide for Hull's defense because his actions "did not arise out of and in the course of his employment." The allegations against Hull are that he acted in a manner which is completely inappropriate for a Captain in the Sheriff's Office and that what he alleged to have done is entirely outside the bounds of his normal course of employment. This contrasts markedly with the

typical situation, in which counties generally provide defenses, against law enforcement officers who, while acting within the normal scope of their responsibilities, violate a suspect's constitutional rights. Law enforcement officers alleged to have used excessive force on a suspect often are defended by counties, probably because most uses of force by law enforcement officers are directly related to their duties of detaining and occasionally subduing suspects. It generally is in the best interests of counties to defend its officers from those allegations because otherwise officers would not be able to effectively do their jobs due to fear of expensive prosecution.

This situation is different. What Hull is alleged to have done is not related in any way to his duties as a captain in the Sheriff's Office. The only connection Hull's actions have to the Sheriff's Office are that they took place between two employees and that Hull was on duty as a police captain when they occurred. It also is not in Fulton County's interest to defend against Hull's alleged actions because what he is alleged to have done is completely outside the bounds of his responsibilities. Fulton County did not abuse its discretion in choosing not to defend Hull in these circumstances.[2]

---

[2] Fulton County also argues it is immune from Hull's crossclaim by sovereign immunity. Because the Court determines to dismiss Hull's crossclaim on other grounds, it need not, and does not, decide whether Fulton County is protected by

The Court concludes by making some observations about the pleading strategy employed by the Plaintiff. Federal Rule of Civil Procedure 8(a) requires a complaint to set forth, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Eleventh Circuit has repeatedly condemned "shotgun" pleadings. E.g., Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."). "This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, and is the type of complaint that we have criticized time and again." Id. (citations omitted).

---

sovereign immunity. The Court notes, however, that Fulton County's argument for sovereign immunity is paradoxical given its reliance on Baker v. Gwinnett County, 600 S.E.2d 819 (Ga. Ct. App. 2004). The plaintiff in Baker sued Gwinnett County for damages for failure to defend him in a suit, essentially the crossclaim in this case, and, although not mentioned in the opinion, the Georgia Court of Appeals' decision implicitly assumes sovereign immunity did not apply to Gwinnett County for this claim. The Court is unaware of anything that would differentiate Fulton County from Gwinnett County.

District courts confronted with these shotgun pleadings "have the inherent authority to demand repleader sua sponte." Id. at 1284 n.3.[1] "It goes without saying that a plaintiff with a solid case does not need to file a shotgun complaint. By the same token, a defendant with a strong defense need not file a shotgun answer." Byrne v. Nezhat, 261 F.3d 1075, 1130 n.108 (11th Cir. 2001). The Court has an obligation to intervene <u>sua</u> <u>sponte</u> to address a shotgun pleading or shotgun answer, for failure to do so risks inefficient management of the Court's docket and effectively obstructs justice by wasting the time of the Court and litigants. Id. at 1132-33; Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998) ("In the long term, however, the judicial work that results from shotgun pleading is far more time consuming than the work required up front to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined.").

Plaintiff has alleged nine separate claims against all Defendants and several claims against Hull, as ratified by the other Defendants, and other claims alleged only against Fulton County and Sheriff Freeman. At least some of these claims

---

[1] The Defendants are also permitted to move for a more definite statement of Plaintiff's claims. Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.").

have no disputable merit against some of the Defendants. The Court's response to this could be to slog through each of Plaintiff's shotgun claims individually, trying to discern which, if any, of them have arguable merit. The Court alternatively could dismiss the remaining claims for failure to comply with Rule 8. The latter option would is the best course in this case. Plaintiff's complaint is obtuse and ambiguous, and it appears Plaintiff drafted the complaint with the intent to assert as many claims as is possible under any legal theory, without doing the hard – but professionally demanded – work of ascertaining which claims have legal merit and factual predicate.

The Court will allow the Plaintiff an opportunity to amend her complaint. Generally, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962); accord Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation marks omitted). Plaintiff will be permitted to file an amended complaint satisfying the requirements of Rule 8(a) on or before May

18, 2009.  Failure to file an amended complaint will result in dismissal of this action.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Fulton County's Motion to Dismiss Cross-Claimant Jerome Hull's Crossclaim Against Fulton County [9] is **GRANTED**.  The John Doe defendants also are **DISMISSED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff shall have up to and including **May 18, 2009** to file an amended complaint in this action.  If Plaintiff fails to file an amended complaint on or before May 18, 2009, the Clerk is instructed to submit this action for dismissal.

**SO ORDERED** this 13th day of April 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE